THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ALEXIS BROWN, Plaintiff, v. NATIONWIDE INSURANCE COMPANY, a corporation, Defendant. | MEMORANDUM DECISION AND ORDER GRANTING [7] MOTION TO DISMISS Case No. 2:21-cv-00126 District Judge David Barlow |

Defendant filed a Motion to Dismiss.[1] Having reviewed the parties' briefing, the court concludes the motion may be resolved without oral argument.[2] For the reasons stated herein, the Motion is GRANTED.

## BACKGROUND

Plaintiff was injured in a car accident.[3] The other driver's insurer accepted liability for the accident.[4] Through her parents, Plaintiff was insured under a policy with Defendant for underinsured motorist (UIM) benefits.[5] The parties participated in binding arbitration of Plaintiff's UIM claim on January 20, 2021.[6] The arbitrator issued the decision on January 21,

---

[1] ECF No. 7.
[2] *See* DUCivR 7-1(f).
[3] Amended Complaint at ¶¶ 7–9, ECF No. 4-5.
[4] *Id.* at ¶ 11.
[5] *Id.* at ¶ 12.
[6] *Id.* at ¶ 3.

2021.[7] Plaintiff filed the original complaint in state court on February 1, 2021 requesting relief for breach of contract and breach of good faith and fair dealing on the grounds that Defendant did not provide UIM benefits.[8] The original complaint did not reference the arbitration decision or that the parties had engaged in arbitration.[9]

On February 1, 2021, Plaintiff's counsel emailed a copy of the original complaint to the attorney who defended the arbitration.[10] A week later, Plaintiff's counsel asked the attorney for confirmation that he received the complaint and was working on the case.[11] The attorney informed Plaintiff's counsel he received the complaint, but he was not defending the case in court.[12] Plaintiff hired a process server who served Dani Snow, CT Corporation, in Midvale, Utah on February 9, 2021.[13] However, Defendant's proper registered agent is Corporation Service Company in Salt Lake City.[14] On February 16, 2021, Plaintiff filed an amended complaint requesting a trial de novo of the arbitration decision.[15] Plaintiff did not serve the amended complaint on Defendant.[16]

## STANDARD

Defendant brings the motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), (4)–(6). For motions brought for lack of personal jurisdiction, insufficient process, or insufficient

---

[7] Arbitration Award, ECF No. 7-3.
[8] *See* State Court Docket, ECF No. 4; Original Complaint, ECF No. 4-1.
[9] *See, e.g.,* Original Complaint, ECF No. 4-1.
[10] Email dated February 1, 2021 at 1, ECF No. 7-4.
[11] *Id.*
[12] *Id.*
[13] *See* Return of Service, ECF No. 4-3.
[14] *See* Declaration of Mark E. Hartman, ECF No. 7-5; Registered Agent Information, ECF No. 7-6.
[15] *See* State Court Docket, ECF No. 4; Amended Complaint, ECF No. 4-5.
[16] Email dated February 19, 2021 at 4, ECF No. 7-8.

service of process, the court can consider matters outside the pleadings, and the motion is not converted to one seeking summary judgment.[17]

## DISCUSSION

This case turns on Utah's UIM statute. The statute mandates that an arbitration is final unless "(i) the award is procured by corruption, fraud, or other undue means; (ii) either party, within 20 days after service of the arbitration award: (A) files a complaint requesting a trial de novo in the district court; and (B) serves the nonmoving party with a copy of the complaint requesting a trial de novo under Subsection (8)(p)(ii)(A)."[18] The Utah Rules of Civil Procedure govern the procedure for service unless a statute provides its own specific procedures.[19] Here, the UIM statute specifically requires two things to be completed within twenty days of the arbitration: (1) filing of a complaint requesting a trial de novo and (2) *service on the nonmoving party*. Plaintiff failed to comply with these statutory conditions because she did not serve the nonmoving party within the twenty-day statutory period.

Plaintiff's counsel emailed a copy of the original complaint to the attorney who defended the arbitration within the twenty-day period.[20] However, this is improper under the statute as it requires the Plaintiff to serve the *nonmoving party*.[21] Plaintiff served CT Corporation on February 9, 2021, but that entity was not authorized to accept service on behalf of the

---

[17] Federal Rule of Civil Procedure 12(d) ("If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Goff v. Hackett Stone Co.*, 185 F.3d 874 (Table), *2 (10th Cir. 1999).
[18] Utah Code § 31A-22-305.3(p).
[19] *See* Utah Rule of Civil Procedure 1 ("These rules govern the procedure…except as governed by other rules promulgated by this court *or statutes enacted by the Legislature*." (emphasis added)); Salt *Lake City Corp. v. Jordan River Restoration Network*, 299 P.3d 990, 1018 (Utah 2012); *State v. D.M.Z.*, 830 P.2d 314, 316 ('Except as otherwise provided by this statute, service is governed by the Utah Rules of Civil Procedure.").
[20] Email dated February 1, 2021 at 1, ECF No. 7-4.
[21] Utah Code § 31A-22-305.3(p).

Defendant.[22] Plaintiff makes no argument as to why service on CT Corporation was permissible or effective.

Plaintiff also argues that emailing the complaint to arbitration counsel was effective under Rule 5 of the Federal Rules of Civil Procedure.[23] Utah Rule of Civil Procedure 5 applies after an action has been commenced; it does not govern the initial service of a plaintiff's complaint, which falls under Rule 4.[24] Here, Plaintiff did not comply with the service requirements for either Rule 4 or the underlying statute.

The statutory deadline for Plaintiff to file and serve the complaint as required by the UIM statute was February 10, 2021. To date, Plaintiff has not served the Defendant with a complaint. Plaintiff has not complied with the terms of the statute, and her right to challenge the arbitration under Utah state law has expired. The arbitration decision is now final pursuant to the UIM statute.[25] Any attempt to amend the complaint would be futile since Plaintiff failed to comply with the statutory deadline. Because Plaintiff's failure to serve Defendant within the statutory period extinguishes her claim, the court need not address Defendant's other grounds for dismissal.

---

[22] *See* Declaration of Mark E. Hartman, ECF No. 7-5; Registered Agent Information, ECF No. 7-6.
[23] Opposition at 8, ECF No. 11, filed April 6, 2021. However, in removal cases, the court looks to the law of the forum state "to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). Accordingly, the court refers to the Utah Rules of Civil Procedure.
[24] Utah R. Civ. P. 5 (detailing papers that must be served included "a pleading after the original complaint"); Utah R. Civ. P. 4 (referring to methods of service of the summons and complaint).
[25] Utah Code § 31A-22-305.3(p) ("An arbitration award issued under this section *shall be the final resolution of all claims*...." (emphasis added)).

## ORDER

Accordingly, Defendant's motion to dismiss is GRANTED, and the complaint is dismissed with prejudice.

Signed September 7, 2021.

BY THE COURT

_____
David Barlow
United States District Judge
